US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAY 1 1 2017
DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRACE CLARK and DYLAN LUFF, Each                                    PLAINTIFFS
Individually and on Behalf of All Others
Similarly Situated

vs.                           No. 5:17-cv-5082

7 FOLD TECHNOLOGIES, LLC                                            DEFENDANT

## ORIGINAL COMPLAINT—CLASS ACTION

COME NOW Plaintiffs Trace Clark and Dylan Luff, each individually and on behalf of all others similarly situated, by and through their attorneys Joshua West and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Class Action ("Complaint") against Defendant 7 Fold Technologies, LLC ("Defendant"), do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiffs and all others similarly situated minimum and overtime wages as required by the FLSA and AMWA.

2. The phrase "during the relevant time" in this Complaint means any time after three years preceding the filing of the Original Complaint in this case.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas, providing DirecTV installation services within the State of Arkansas, as well as outside of the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiffs were employed by Defendant as DirecTV Installation Technicians for Defendant, performing services for Defendant in the Fayetteville Division of the Western District of Arkansas.

9. The acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

10.   Plaintiff Trace Clark is an individual and a resident and domiciliary of the State of Arkansas.

11.   Plaintiff Dylan Luff is an individual and a resident and domiciliary of the State of Arkansas.

12.   Defendant is a foreign, limited liability company that is not registered to conduct business within the State of Arkansas.

13.   Defendant has designated CSC Lawyers Incorporating Svc, Inc., 150 South Perry Street, 300 S Spring, Montgomery Alabama 36104, to accept service on its behalf.

14.   Defendant maintains a website at http://www.7foldtech.com/.

15.   Defendant provides DirecTV satellite installation services.

16.   7 Fold operates 29 branch offices that offer DirecTV satellite installation throughout the United States.

17.   7 Fold maintains its 29 branch offices in Alabama, Arkansas, Florida, Georgia, Louisiana, Maryland, Missouri, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Utah.

18.   Defendant's primary business purpose is to provide DirecTV satellite installation, and Defendant employs Installation Technicians to accomplish this goal.

19.   Satellite installation services are at least one integral part of Defendant's business.

## IV.     FACTUAL ALLEGATIONS

### A.     Coverage

20.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

21.     Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, satellite dishes, cables, and manufactured goods for the benefit of Defendant.

22.     Defendant's annual gross volume of sales for each of the four years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

23.     Defendant employed more than four employees within the State of Arkansas during each of the four years preceding the filing of the Original Complaint.

### B.     Facts and Policies Relating to Installation Technicians Generally

24.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

25.     To carry out Defendant's satellite dish installation services, Defendant contracts with more than 300 "Technicians."

26.     Defendant treats all of its Technicians as "independent contractors" for purposes of the FLSA.

27.     Defendant treats all of its Arkansas Technicians as "independent contractors" for purposes of the AMWA.

28.     Defendant required at least some training for each and every Technician.

29. Defendant's Technician training programs, at least in part, were designed to familiarize Technicians with Defendant's policies and procedures to better serve Defendant's customers.

30. Defendant required each and every Technician to wear a photo identification badge.

31. Defendant had a dress code policy that it required its Technicians to adhere to.

32. Defendant assigned Technicians to Defendant's customers as needed.

33. Defendant required Technicians to start their installations at a certain time each morning.

34. Defendant set Technicians' schedules and informed Technicians where and when they would perform installation services.

35. Defendant required Technicians to perform at least three installation jobs per day.

36. Defendant maintained and owned warehouses in which Technicians picked up equipment for installations and attended meetings.

37. Technicians had no opportunity to share in Defendant's profits.

38. Technicians did not share in Defendant's losses.

39. Defendant paid Technicians according to piece rates per installation.

40. Defendant determined the Technicians' pay scale for certain types of installation packages without input from or negotiation with Technicians.

41. Defendant set prices to its customers for certain types of installation packages without Technician input or negotiation.

42. Defendant determined where to locate Defendant's branches and offices without Technician input.

43. Defendant made decisions on advertising Defendant's business without Technician input.

44. Defendant made decisions on what new business to pursue or take without Technician input.

45. Technicians did not negotiate contracts or prices with Defendant's customers.

46. Defendant's managers directed Defendant's Technicians.

47. Defendant required Technicians to follow the directions of Defendant's managers with respect to scheduling installations.

48. Defendant generally did not pay any Technicians any overtime premium for hours that they worked over forty hours per week.

49. In other words, if any Technician worked more than forty hours per week, Defendant's policy was not to pay that Technician an overtime premium of one and one half times the Technician's regular rate for the hours over forty.

50. Defendant had a general practice keeping no contemporaneous records of time that Technicians spent installing DirecTV services on Defendant's behalf.

**C.   Effect of Defendant's Policies on Named Plaintiffs**

51. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

52. During the relevant time, each Plaintiff performed DirecTV installation services and incidental duties on Defendant's behalf from Defendant's branch in Fayetteville, Arkansas.

53. Each Plaintiff was a "Technician" for Defendant for at least some time after three years preceding the filing of the Original Complaint.

54. Defendant classified, or otherwise treated, each Plaintiff as an "independent contractor" for purposes of the FLSA.

55. Defendant classified, or otherwise treated, each Plaintiff as an "independent contractor" for purposes of the AMWA.

56. Each Plaintiff regularly performed DirecTV installation services on Defendant's behalf for between sixty and 7 ty hours per week or more.

57. Each Plaintiff drove their own vehicles while performing DirecTV installation services on Defendant's behalf.

58. After deducting for expenses related to the operation of Plaintiffs' vehicle in the course of performing job duties for Defendant, Plaintiffs' pay regularly fell below the minimum wages required by the FLSA and AMWA.

59. Plaintiffs regularly performed DirecTV installation services and related duties for more than forty hours per week.

60. Defendant never paid Plaintiffs any overtime premium for hours that Plaintiffs worked over forty hours per week.

61. Defendant knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiffs for their work as required by the FLSA and AMWA.

62. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA and AMWA.

63. Defendant purposefully and knowingly classified Technicians as "independent contractors."

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

64. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   i. Minimum wages for the first forty (40) hours worked each week;

   ii. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

   iii. Reimbursement for vehicle-related expenses sufficient to bring compensation to minimum wages and overtime premiums;

   iv. Liquidated damages; and

   v. Costs of this action, including attorney's fees.

66. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each and every individual who performed cable installation services on Defendant's behalf any time after three years preceding the filing of the Original Complaint.**

67. The proposed FLSA class members are similarly situated in that they share these traits:

    i.    They performed the same or similar job duties;

    ii.    They were required to provide their own vehicles for use in performing their job duties for Defendant; and

    iii.    They were subject to Defendant's common policy of classifying them as "independent contractors;"

    iv.    They were subject to numerous other common policies and practices as described in paragraphs 24–50.

### B.   AMWA Rule 23 Class

68. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

69. Plaintiffs, each individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

70. Plaintiffs propose to represent a liability class of individuals defined as follows:

> **Each and every individual who performed cable installation services on Defendant's behalf who were based in Arkansas any time after three years preceding the filing of the Original Complaint.**

71. Upon information and belief, there are more than forty (40) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

72. Common questions of law and fact relate to all of the proposed liability class members, such as these:

 i. Whether Defendant's policy of classifying Technicians as "independent contractors" was unlawful or incorrect under the AMWA;

 ii. Whether the allegations in paragraphs 24–50 in this Complaint are true;

 iii. Whether Defendant paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

73. The above common questions of law and fact predominate over any questions affecting only Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

74. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over

forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

75. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

76. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

77. The claims of Plaintiffs are typical of the claims of the proposed liability class in that Plaintiffs and all others in the proposed liability class will claim that they were misclassified as independent contractors, they were entitled to minimum wages and overtime, and that Defendant failed to pay minimum wages and overtime.

78. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

79. Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

### VI. FIRST CAUSE OF ACTION
(Individual Claims for Violations of the FLSA)

80. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

81. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

82. Defendant misclassified all Plaintiffs as independent contractors.

83. The costs that Plaintiffs incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused Plaintiffs' free and clear pay to fall below minimum wages.

84. Defendant also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week.

85. Defendant's failure to pay each Plaintiff all minimum and overtime wages owed and to reimburse Plaintiff's work-related vehicle expenses was willful.

86. By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violations of the AMWA)

87. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

89. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

90. Defendant misclassified each Plaintiff as an independent contractor under the AMWA.

91. The costs that Plaintiffs incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused Plaintiffs' free and clear pay to fall below minimum wages.

92. Defendant also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week.

93. Defendant's failure to pay each Plaintiff all minimum and overtime wages owed and to reimburse each Plaintiff's work-related vehicle expenses was willful.

94. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

95. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

96. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

97. Defendant misclassified all Technicians as independent contractors.

98. The costs that Technicians incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused Technicians' free and clear pay to fall below minimum wages.

99. Defendant also unlawfully refrained from paying Technicians an overtime premium for hours over forty per week.

100. Defendant's failure to pay Technicians all minimum and overtime wages owed and to reimburse Technicians' work-related vehicle expenses was willful.

101. By reason of the unlawful acts alleged herein, Defendant is liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### IX.  FOURTH CAUSE OF ACTION
### (Class Action Claims for Violations of the AMWA)

102. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

103. Plaintiffs, on behalf of the members of the proposed Rule 23 liability class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

104. Defendant misclassified Technicians as independent contractors under the AMWA.

105. The costs that Technicians incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused Technicians' free and clear pay to fall below minimum wages.

106. Defendant also unlawfully refrained from paying Technicians an overtime premium for hours over forty per week.

107. Defendant's failure to pay Technicians all minimum and overtime wages owed and to reimburse Technicians' work-related vehicle expenses was willful.

108. By reason of the unlawful acts alleged herein, Defendant is liable to Technicians for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Trace Clark and Dylan Luff, each individually and on behalf of all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A. That Defendant 7 Fold Technologies be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order entering judgment in favor of Plaintiffs and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For punitive damages in an amount to be determined at trial;

F. For a reasonable attorney's fee, costs, and pre-judgment interest; and

G. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**TRACE CLARK and DYLAN LUFF, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Joshua West
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com